Argued June 26, affirmed July 22, 1974

WASHINGTON COUNTY, *Respondent, v.*
WEISENFLUH (No. 31-497), *Appellant.*

WASHINGTON COUNTY, *Respondent, v.*
WERNER ET AL (No. 31-498), *Appellants.*

524 P2d 551

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief were Francis F. Yunker, Portland, and J. B. Smith, Aloha.

*Edward J. Sullivan,* County Counsel, Hillsboro, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Plaintiff-county obtained an injunction, after a circuit court trial, against defendants enjoining them from collecting and hauling solid wastes for compensation within the unincorporated areas of Washington County. Defendants, whose cases were consolidated for trial, both appeal urging identical grounds for reversal, that the ordinance under which the suit was brought is invalid because it was not adopted in the manner specified in the Washington County Charter.

In *Schmidt v. Masters,* 7 Or App 421, 490 P2d 1029 (1971), Sup Ct *review denied* (1972), this court upheld the ordinance under attack here as a proper exercise of the county's powers under its home rule charter. In so doing, the court rejected contentions that the ordinance was in conflict with Oregon statutes and United States and Oregon constitutional provisions.

The basis of defendants' claim is that Ordinance No. 59 established a "county service district" or "county special service district" and that therefore the

ordinance could be adopted only in the manner specified by Section 20 (c) and 20 (c) (1) of the Washington County Charter:

"Section 20. GENERAL GRANT OF POWERS. The county shall have authority over matters of county concern, to the full extent granted or allowed by the constitution and laws of the State of Oregon, as fully as if each power comprised in that general authority were specifically granted by this charter. Such power shall include, but shall not be limited to:

"* * * * *

"(c) Creating county service districts or areas *by the vote of the people in the area affected* with the procedure for calling and holding the election to be established by ordinance enacted by the board of county commissioners;

"(1) Creating county special service districts by resolution and order *when by petition bearing signatures of 60 per cent or more of property owners representing 60 per cent or more of the assessed valuation of property within the proposed district;* in the event assessments are to be made on a front foot basis, in addition to the above, the petitioners must also represent more than 60 per cent of the total front footage. (Amended November 8, 1966)" (Emphasis supplied.)

It is conceded that these special procedures were not followed and that the ordinance was adopted simply by vote of the county board. The question therefore boils down to whether this ordinance creates a "county service district"; if so, then proper procedure was not followed in adopting it and it is invalid under established case law. *See Simmons v. Holm et al,* 229 Or 373, 367 P2d 368 (1961); *Safeway Stores v. Portland,* 149 Or 581, 42 P2d 162 (1935).

In *Schmidt v. Masters,* supra, this court treated the ordinance as simply an exercise of the county's general regulatory power. The issue presented on this appeal was neither raised by the parties in that case nor discussed by the court.

█ It is our conclusion that this ordinance did not create a "county service district," but that it is rather a police power regulation of private industries engaged in the business of hauling and disposing of garbage.

Section 97 of the Washington County Charter deals with county service districts:

"The board of county commissioners may be the governing body of each county service district that the board establishes for the purpose of providing a county service of special benefit to persons and property in a particular area. The board shall fix the boundaries of each such district on the basis of the territorial extent of the special benefit derived from the service. A county service of special benefit to persons or property in the area established as a county service district of the county shall be financed by special taxes and charges in the area benefited or by funds specially allocated by the state or United States for one or more purposes of the district."

█ Thus, it appears that a county service district is a subdivision of the county, the purpose of which is to allow the provision of a county service to specified residents of the county. That is, the delineation of county service districts insures that only those persons who receive the benefit of a special county service are charged for them. If no county service is rendered, the concept of a county service district serves no purpose. Here there is no service being rendered by the county and charged to the beneficiaries. The county

has simply imposed certain requirements on those who would collect and haul garbage for a profit. As was held in *Schmidt v. Masters,* supra, these requirements are valid.

Affirmed.